MAHER, APPELLANT, *v.* JOHNSTON, APPELLEE.

(No. 3771—Decided March 31, 1941.)

*Messrs. Chase & Smith,* for appellant.
*Messrs. Christensen & Christensen,* for appellee.

LLOYD, J.   On March 25, 1939, Beulah Maher, claim-ing that "she had a legal right to and is seized in fee simple of an estate in inheritance as a devisee under the last will and testament of Helen I. Johnston, deceased, in an undivided one-tenth (1/10th)" of certain real estate described therein, filed a petition in the Court of Common Pleas against certain named defendants for partition thereof.   Upon trial of the issues made by the pleadings, the court dismissed the petition of the plaintiff, Beulah Maher, and entered judgment for costs in favor of the defendant, Fred C. Johnston.   Beulah Maher appeals from this judgment on questions of law.

The claim of ownership of the plaintiff in the real estate sought to be partitioned is based on item six of the will of Helen I. Johnston, reading as follows:

"I give, devise and bequeath to Fred C. Johnston, the income from the filling station located on the northwest corner of the Chicago pike and Reynolds road for a period of ten (10) years, after which time the property is to be sold and divided up in the following way: Fred C. Johnston shall have fifty per cent (50%) of the sale price after all expenses are paid for making the sale, and my three sisters and two brothers are to have the remaining fifty per cent (50%)."

Fred C. Johnston is the surviving spouse of the

testatrix and Beulah Maher is one of the three sisters referred to in the will. The other defendants, except the defendant Cobb, are brothers of the decedent and surviving heirs of two deceased sisters. Cobb filed a cross-petition to foreclose a mortgage on the premises in question, Johnston being the mortgagor therein. No judgment was rendered on this cross-petition.

Mrs. Johnston died testate on February 8, 1929. Her will was duly probated. The defendant Johnston was appointed executor on May 1, 1929, and since the death of Mrs. Johnston has been and still is in possession of the property sought to be partitioned. His final account as executor, filed on November 26, 1930, was approved by the Probate Court on December 31, 1930, and allowed as a final discharge.

It is contended that item six of the will in effect vests the title of the real estate therein described in those therein named as distributees of the proceeds of a sale thereof or in their heirs. But the contrary is true. The direction in the will as to its sale and the division of the proceeds does not convert the real estate into money. It remained real estate, the legal title thereof descending to the heirs of the testatrix subject to being divested at the time of the sale thereof. A sale of the real estate as directed in the will can be secured in an appropriate proceeding for that purpose, but not in the indirect method of an action in partition where, in the first instance, there must be a physical division of the property which is the primary object of such a proceeding, a sale following a finding that it can not be so apportioned.

The judgment of the Court of Common Pleas must be and is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.